# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CHRISTINE MARTHA LUNDGREN,**

    **Plaintiff,**

  **v.**

                                            **Case No. 14-CV-62**

**GEETA KUTTEMPEROOR,**

    **Defendant.**

## DECISION AND ORDER ON PLAINTIFF'S MOTION
## TO PROCEED *IN FORMA PAUPERIS*

On January 17, 2014, the plaintiff, Christine Martha Lundgren ("Lundgren") filed a complaint against defendant, Geeta Kuttemperoor ("Kuttemperoor"). (Docket # 1.) Lundgren alleges that Kuttemperoor discriminated against her because she, Lundgren, suffers from a disability. (*Id.* at 3.) Lundgren also alleges being forced to work while not being paid. (*Id.* at 4.) Lundgren simultaneously filed a motion to proceed *in forma pauperis*. (Docket # 2). For the reasons stated in this opinion, I will deny the motion to proceed *in forma pauperis* and grant Lundgren leave to pay the filing fee. I will also grant her leave to amend her complaint, which is currently deficient.

## BACKGROUND

I have examined Lundgren's complaint as well as the attachment, and the facts she alleges are as follows: Lundgren alleges she informed Mr. Tony Franda ("Franda"), the Controller, about her medical issue when she was hired, but Franda has since left the company. Lundgren further alleges that she asked for lower wages to be paid to her for social security payment reasons. She alleges that Franda reported all of this information to Mr. and Mrs. Kuttemperoor and that there was a form of verbal agreement between Franda and both Mr. and Mrs. Kuttemperoor regarding her.

Lundgren alleges that she told Kuttemperoor that she had been in a car accident in her first year of college in 1968. As a result of the accident, Lundgren alleges she suffered a severe head injury. Lundgren alleges that she is embarrassed and ashamed that she has a disability and that she never directly said, "I was disabled" to Kuttemperoor. (Docket # 1-1 at 1.)

Lundgren alleges that Kuttemperoor talked down to her and forbid her to drive the company van, while other employees were allowed to drive the van. (Docket # 1 at 3.) Lundgren further alleges that she was "constantly told to 'pay attention' in front of others," even though her doctor had allegedly wrote a note explaining that Lundgren has a "short term memory issue." (*Id.*) She also alleges that Kuttemperoor treated her with "an undue amount of disrespect in front of other employees and residents of the apartment community" and furthermore, that Kuttemperoor forbid Lundgren to participate in the use of a computer website, while others in the company were allowed to use the site. (*Id.* at 3-4.)

Lundgren states that she was not paid when she worked past 4 pm. (*Id.* at 4.) She further alleges that she was required by Kuttemperoor to be working at her desk at 9:15 am but was required to write 9:30 am as her start time on her time sheet. Lundgren also states that she was forced to work while not "clocked-in." She alleges that, while clocked out on her lunch break, she was still required to give a building tour and answer the phone. (*Id.*)

Lundgren attached her Dismissal and Notice of Rights from the EEOC. (Docket # 3.) The letter from the EEOC explaining the dismissal stated that the file on the charge was being closed because "the evidence did not support that respondent was aware of [her] disability." (*Id.* at 2.)

## ANALYSIS

The federal *in forma pauperis* statute, 28 U.S.C. §1915, is designed to ensure indigent plaintiffs meaningful access to the federal courts while at the same time prevent indigent plaintiffs from filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a plaintiff to proceed *in forma pauperis*, the court must make two determinations.

First, the court must determine whether the plaintiff is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). This is to be determined by a review of the plaintiff's assets as stated on an affidavit submitted to the court. *Id.* The plaintiff instituting a civil action in a district court is required to pay a $400.00 fee to the court's clerk. However, if the court determines the plaintiff does not have sufficient assets to do so, the court may authorize the commencement of the action without payment of the $400.00 fee.

The second determination the court must determine is whether the plaintiff's action is "frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). An action is considered frivolous if it is clear that the legal theory or the facts alleged are baseless or irrational. *Neitzke*, 490 U.S. at 324; *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim are to be reviewed based on the standards set for dismissals under Federal Rule of Civil Procedure Rule 12(b)(6). *Dewalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, the plaintiff's allegations must be taken as true statements of the facts and all reasonable inferences must be drawn in his favor. *Id.* Under Federal Rule of Civil Procedure 8(a)(2), an action is considered to state a claim if, at a minimum, it includes a "short and plain statement of the claim showing that the pleader is

entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) citing *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 545 (2007).

In her motion and affidavit to proceed without prepayment of fees and/or costs, Lundgren states that she is currently approximately 60 years old, married, and is not financially supporting any persons or children. Lundgren has notable assets, consisting of but not limited to: (1) two cars, which are fully paid for; (2) a home, which is fully paid for; (3) a profit sharing account worth $20,000.00; (4) a 401k account worth $1,300.00; (5) a quarter owner's share in a lake cabin worth $94,000.00; and (6) $2,500.00 in a bank account. She states that her expected income next month will be $1,570.00 and her husband's expected income will be $1,500.00, for a combined expected monthly income of $3,070.00. While her combined expected monthly income totals $3,070.00, her combined monthly expenses total $2,899.00. In the end, based on Lundgren's assets, I conclude that Lundgren has the ability to pay the one-time filing fee.

I next turn to the question of whether Lundgren's action is "frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). As a preliminary matter, it is unclear against whom Lundgren is attempting to commence an action. The caption, or where the plaintiff(s) and defendant(s) names are placed, stated the Plaintiff as Christine Martha Lundgren and the Defendant as Geeta Kuttemperoor; however, on the civil cover sheet, Lundgren has indicated the defendant as VK Development Corp., Geeta Kuttemperoor, 19275 West Capitol Drive Suite 100 Brookfield, WI 53045. The complaint must be amended to make clear exactly who Lundgren intends to sue.

Turning to the claims, assuming Lundgren is suing her employer, it appears that Lundgren is making wage claims under the Fair Labor Standards Act ("FLSA"). Generally, the FLSA governs

minimum wages and maximum hours for non-exempt "employees who in any workweek [are] engaged in commerce or in the production of goods for commerce, or [are] employed in an enterprise engaged in commerce of in the production of goods for commerce." *Sandifer v. U.S. Steel Corp.*, 571 U.S. __ (2014) (citing 29 U.S.C. § 206(a); § 207(a); *See* § 213)). The FLSA provides that employees who work more than forty hours in a week must be paid for the excess hours at one and on-half times the regular rate of pay. 29 U.S.C. § 207(a)(1). To state a claim under the FLSA, the plaintiff must state that the hours she was not paid for in a workweek were hours that would be in excess of a forty (40) hour work week.

In her complaint, Lundgren alleges not being paid for work completed after 4:00 pm, not being paid while being required to work over her "clock-out" time on lunch, and for time before her "clock-in" time, the difference between 9:15 am (required to be working) and 9:30 am (required to put on time sheet). Lundgren has not sufficiently pled facts to show that she was not properly compensated for hours worked in excess of a forty (40) hour workweek. I will allow Lundgren leave to amend this claim if it is her intent to assert such a claim.

Next, again assuming Lundgren is suing her employer, she appears to raise claims under the ADA. To establish a *prima facie* claim under the ADA, a plaintiff must show: "(1) [she] is disabled within the meaning of the ADA; (2) [she] was meeting [her] employer's legitimate employment expectations; (3) [she] suffered an adverse employment action; and (4) similarly situated employees receive more favorable treatment." *Rooney v. Koch Air, LLC*, 410 F.3d 376, 380-81 (7th Cir. 2005). An adverse employment action is "broadly defined as a 'materially adverse change in the terms and conditions of employment.'" *Hopkins v. Godfather's Pizza, Inc.*, 141 Fed.Appx. 473, 476 (7th Cir. 2005) (quoting *Cerros v. Steel Techs, Inc.*, 288 F.3d 1040, 1044 (7th Cir. 2002)). To establish that she is

disabled, Lundgren can show: (1) that she has a physical or mental impairment that substantially limits one or more of her major life activities; (2) that she has a record of such an impairment; or (3) that she is regarded as having such an impairment. 42 U.S.C. § 12102(2); *see also Robinson v. C&D Technologies*, No. 06-CV-1002, 2008 WL 4239014, *4 (E.D. Wis. Sept. 15, 2008).

In her complaint Lundgren alleges that she has had a disability since a car accident that took place in 1968 and that she obtained a doctor's note explaining her disability. Furthermore, Lundgren alleges that she was harassed and discriminated against because of her disability. Lundgren alleges that she was treated differently than other employees, specifically in reference to driving company vehicles and use of a website on the internet. But it is unclear what specific adverse action that Lundgren is alleging. Accordingly, Lundgren will be granted leave to amend her ADA claim.

Because I find Lundgren is not indigent, the motion to proceed *in forma pauperis* will be denied. Lundgren is given leave to pay the filing fee, if she so chooses. Additionally, the plaintiff is given the opportunity to amend her complaint in accordance with this decision. She must make clear who she is suing, must amend her FLSA claim if she wishes to pursue such claim, and amend her ADA claim to make clear what adverse employment she is alleging. The plaintiff has thirty (30) days from the date of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case (14-CV-62) and must be labeled "Amended Complaint." The plaintiff is advised that the amended complaint replaces the prior complaint and the amended complaint must be complete in itself, without reference to the prior complaint. Therefore, matters not set forth in the amended complaint are, in effect, withdrawn. *Duda v. Board of Educ. Of Franklin Park Public School Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998). Should the plaintiff fail to file an amended complaint within thirty (30) days, I will dismiss this action with prejudice.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff shall have until **March 13, 2014**, to pay her filing fee and file an amended complaint that complies with this Order. The plaintiff is advised that is she does not pay the filing fee and file an amended complaint by **March 13, 2014**, or if her amended complaint fails to cure the deficiencies outlined above, this case will be dismissed.

Dated at Milwaukee, Wisconsin this 11th day of February, 2014.

BY THE COURT

s/ *Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge