# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

CHRISTINE MARTHA LUNDGREN,

     **Plaintiff,**

    **v.**

                                    **Case No. 14-CV-62**

GEETA KUTTEMPEROOR,

    **Defendant.**

## ORDER

On January 17, 2014, the plaintiff, Christine Martha Lundgren ("Lundgren") filed a complaint against defendant, Geeta Kuttemperoor ("Kuttemperoor"). (Docket # 1.) Along with her complaint, she filed a motion to proceed *in forma pauperis*. I found she could pay the filing fee, and I also found that her complaint as originally submitted was deficient, and I gave her until March 13, 2014 to pay the filing fee and file an amended complaint. On March 7, 2014, Lundgren paid the filing fee and filed a document entitled "Amended Complaint," which was written in the form of a letter addressed to myself. I issued another order (Docket # 8), explaining that the submission did not satisfy the requirements of a complaint. She was again granted leave to file an amended complaint, and I ordered that she must make clear who she is suing and what laws she is proceeding under. I also ordered that the amended complaint bear the docket number assigned to this case (14-CV-62), be labeled "Amended Complaint," and in proper pleadings format. Finally, I ordered the Clerk's office to provide her with a *pro se* guide, which contains attorney information. On March 20, 2014, Lundgren filed an amended complaint. (Docket # 9.) In accordance with my previous orders, I now screen her complaint to determine whether she has alleged facts that support a cognizable legal claim.

As noted above, I have already determined that Lundgren can afford to pay the filing fee, and she has done so. Therefore, my review is confined to the second inquiry, which is whether Lundgren's complaint states a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Lundgren's amended complaint fails to state a claim. Lundgren appears to make two distinct claims: the first is that her freedom of speech has been violated, and the second is that she has been harassed in the workplace. (*See id.*) Lundgren cannot state a First Amendment claim because she is suing a private employer rather than a government employer. That is, private employers are not subject to the First Amendment and therefore cannot violate Lundgren's freedom of speech. *See* U.S. Const. Amend. I; *see also Yatvin v. Madison Metropolitan School Dist.*, 840 F.2d 412, 420 (7th Cir. 1988).

Lundgren has also not stated a harassment claim. In evaluating whether a plaintiff's complaint fails to state a claim, the plaintiff's allegations must be taken as true statements of the facts and all reasonable inferences must be drawn in her favor. *Id.* Under Federal Rule of Civil Procedure 8(a)(2), an action is considered to state a claim if, at a minimum, it includes a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) citing *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 545 (2007). Lundgren's complaint contains only conclusory statements that she was harassed. That is, accepting all facts as true, there is still no actionable claim. Lundgren has not stated in her amended complaint the grounds for her action—such as gender, race, or disability. As was explained to her twice previously, an amended complaint completely replaces the original complaint. Thus, matters not set forth in the amended complaint are, in effect, withdrawn. *Duda v. Board of Educ. Of Franklin Park Public School Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998). Therefore, I cannot—and do not—consider facts alleged in prior

versions of the complaint in determining whether her amended complaint states a claim. I am not unsympathetic to Lundgren's complaints, and I mindful that as a *pro se* litigant, Lundgren's pleadings must be construed liberally. But I have given her two opportunities to remedy the deficiencies, including providing her with a *pro se* guide, which contains attorney resources. However, she has failed to remedy these deficiencies and has failed to state a claim.

Because her amended complaint fails to state a claim, her motion to proceed *in forma pauperis* is denied and her case is dismissed.

### ORDER

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion to proceed *in forma pauperis* is **DENIED**.

**IT IS ALSO ORDERED** that the case be and hereby is **DISMISSED WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin this 8th day of April, 2014.

BY THE COURT

 s/ *Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge